UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 8:25-cv-02810-AB-ACCV | Date: | April 14, 2026 |
|---|---|---|---|

Title:    ***Matthew James Hollis v. Joshua Thomas Patton, et al.***

Present: The Honorable    Angela C. C. Viramontes, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE WHY THIS ACTION
SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF
CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a)**

On December 19, 2025, Matthew James Hollis ("Plaintiff"), filed a Complaint alleging
that multiple defendants acted in concert to unlawfully obtain a civil restraining order against
him in the Butte County Superior Court in retaliation for his reporting of alleged criminal
conduct, and that he was falsely imprisoned as a result ("Complaint"). (ECF No. 1.) Specifically,
Plaintiff sued Joshua Thomas Patton ("Patton"), Stephen R. Wattenberg ("Wattenberg"), Mark
Alexander Emmons ("Emmons"), Matthew Scott Looney ("Looney"), County of Butte,
California ("Butte County"), California Department of Parks and Recreation ("CDPR"),
Armando Quintero ("Quintero"), and DOES 1–20 (collectively the "Defendants")[1] for (1)
Deprivation of Rights Under Color of Law—42 U.S.C. § 1983; (2) Conspiracy to Interfere with
Civil Rights—42 U.S.C. § 1985(3); (3) Neglect to Prevent Conspiracy—42 U.S.C. § 1986;
(4) Witness Tampering and Intimidation in Official Proceeding—18 U.S.C. § 1512; (5) Violation
of the Tom Bane Civil Rights Act—California Civil Code § 52.1; and (6) Racketeer Influenced
and Corrupt Organizations Act—18 U.S.C. §§ 1961-1968. (*Id.*)

---

[1] Plaintiff sued Defendants in the following capacity: defendant Patton individually and in
his official capacity as a California State Parks Peace Officer; defendant Wattenberg individually
and in his capacity as court-appointed mediator for Butte County Superior Court; defendant
Emmons individually and in his official capacity as Court Commissioner for Butte County
Superior Court; defendant Looney individually and in his official capacity as Riverside County
Custodial Deputy; defendant County of Butte as a no sovereign political subdivision and
municipality; defendant California Department of Parks and Recreation as a state entity; and
defendant Quintero in his official capacity as Director of the California Department of Parks and
Recreation. (ECF No. 1.)

---

In his Complaint, Plaintiff states venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) "because a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Plaintiff resides in Orange County, California, within the Central District, Southern Division, where the effects and impact of Defendant's unlawful conduct continue to cause ongoing harm." (ECF No. 1 at 12:11-15.)

On February 10, 2026, defendant Butte County filed a Notice and Motion to Dismiss Complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue—28 U.S.C. § 1406(a), or in the alternative, to transfer the action for improper venue—28 U.S.C. § 1404(a) ("Notice"). (ECF No. 28.) In the Notice, defendant Butte County points out the underlying restraining order case or "the events giving rise to this Complaint occurred within Butte County," defendant County of Butte is a government entity located within Butte, and that defendant's Wattenberg (a court-appointed mediator) and defendant Emmons (judicial officer in Butte County) are employed within Butte County. (ECF No. 28-1 at 3.)

Under 28 U.S.C. § 1404(a), a district court has the power to transfer any civil action to another district where the action might have been brought "[f]or the convenience of [the] parties and witnesses, [or] in the interest of justice." In determining whether transfer is appropriate in a particular case, a court must weigh multiple factors: (1) the petitioner's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the petitioner's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by the median number of months from filing to trial. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citing *Steward Org. v. Ricoh Corp.*, 487 U.S. 22, 29) (1988)).

It appears that the balance of factors favors transfer to the Eastern District of California, the district where the alleged conduct and majority of witnesses and defendants are located. *See* 28 U.S.C. § 1404(a); 22 U.S.C. §§ 2241(d) ("The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination."); *see also* 28 U.S.C. § 1631 (authorizing courts to transfer venue to cure lack of jurisdiction). Indeed, the Ninth Circuit "has taken a broad view of when transfer is appropriate, recognizing that [n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (internal quotation marks and brackets omitted).

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE, by April 21, 2026**, why this action should not be transferred to the U.S. District Court for the Eastern District of California. Plaintiff may satisfy the Order by filing a response setting forth any reason why venue should remain in the Central District of California or agreeing that transfer is appropriate. **Plaintiff is warned that failure to timely respond to this Order will result in this Court transferring this action to the Eastern District of California.**

**IT IS SO ORDERED.**